UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAROLYN SIOUX GREEN,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>STATE OF WASHINGTON, et al.,<br><br>　　　　　　　　Defendants. | Case No. 3:22-cv-05258-JCC-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for June 24, 2022 |

This matter comes before the Court on plaintiff's motion for leave to proceed in forma pauperis (Dkt. 1) and defendant's motion to remand (Dkt. 3). This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends that the Court grant defendant's motion to remand (Dkt. 3) and remand this action to Thurston County Superior Court.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initially filed this action in the Thurston County Superior Court on October 8, 2020. Dkt. 1-1, Notice of Removal. Plaintiff's complaint alleges that the named defendants violated plaintiff's constitutionally protected rights. Dkt. 1-2, Complaint. The parties have been litigating this action in state court since October 8, 2020. Dkt. 1-4, Case Summary, at 65-83. There is currently a pending motion for summary judgment before the Superior Court and the Superior Court has set a trial date for this action in

state court. *Id.* On April 14, 2022, plaintiff filed a notice of removal removing this action to this Court pursuant to 28 U.S.C. § 1441. Dkt. 1-1, Notice of Removal. Defendant filed a motion to remand this action to state court. Dkt. 3. Plaintiff has filed a response opposing the motion to remand (Dkt. 6) and defendant has not filed a reply in support of the motion.

## DISCUSSION

Under 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction. 28 U.S.C. § 1441 does not allow plaintiffs to remove an action that was originally filed in state court. *Home Depot U.S.A., Inc. v. Jackson*, ___ U.S. ___, 139 S. Ct. 1743, 1749 (2019) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106-09).

Because removal under 28 U.S.C. § 1441(a) is not available to plaintiff, plaintiff's notice of removal is improper, and this action should be remanded to state court.

## CONCLUSION

For the reasons set forth herein, the Court should grant defendant's motion to remand (Dkt. 3) and remand this action to the Thurston County Superior Court. The Court should deny plaintiff's motion to proceed in forma pauperis (Dkt. 1) as moot.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a

1  response. FRCP 72(b)(2). Accommodating this time limitation, this matter shall be set
2  for consideration on **June 24, 2022**.

Dated this 8th day of June, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3