THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLYN SIOUX GREEN,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF WASHINGTON, *et al.*,<br><br>  Defendants. | CASE NO. C22-5258-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Carolyn Sioux Green's "Motion for Judgment" (Dkt. No. 90). On July 7, 2022, the Court dismissed all of Plaintiff's pending motions as moot and entered judgment remanding the case to Thurston County Superior Court, after Plaintiff improperly removed her case to federal court. (*See generally* Dkt. Nos. 85, 86.) Inasmuch as the Court can decipher, Plaintiff now seeks relief from that judgment under Federal Rule of Civil Procedure ("Rule") 60(b). (*See* Dkt. No. 90 at 1, 14.)

The Court construes *pro se* pleadings liberally. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). Nevertheless, such litigants still must meet basic procedural requirements. *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). Here, Plaintiff fails to demonstrate any of the proper grounds for relief under Rule 60(b). For one, Plaintiff's request is far beyond the one-year deadline to seek relief under Rule 60(b)(1)–(3). *See* Fed. R. Civ. P. 60(c)(1). Plaintiff also fails to explain how the judgment is void under Rule 60(b)(4), especially

where the law is clear that a plaintiff cannot remove a case to federal court. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (a judgment is void if premised on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard); *Sharma v. HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*, 23 F.4th 1167, 1170 (9th Cir. 2022) (only a party sued by the original plaintiff may remove a case to federal district court). And finally, Plaintiff has not shown any other extraordinary circumstances necessary to justify reopening a final judgment under Rule 60(b)(6). *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Put simply, Plaintiff has not demonstrated any of the requisite grounds for relief from the Court's July 7, 2022, judgment (Dkt. No. 86).

The Court therefore DENIES Plaintiff's "Motion for Judgment" (Dkt. No. 90).

DATED this 30th day of May 2025.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE